UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| STEPHEN RAPPA, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. G-09-268 |
| | § | |
| GEAN LEONARD, *et al*, | § | |
| | § | |
| Defendants. | § | |

### MEMORANDUM AND ORDER OF DISMISSAL

The plaintiff, Stephen Rappa (TDCJ # 1562913), is a state inmate in custody of the TDCJ-CID. Jones has filed a complaint under 42 U.S.C. § 1983, alleging that the defendants, Sheriff Gean Leonard and Mayor Lyda Ann Thomas, failed to evacuate prisoners from the Galveston County Jail before Hurricane Ike made landfall on September 13, 2008. Jones proceeds *pro se* and *in forma pauperis*. After reviewing the complaint and more definite statement as required by 28 U.S.C. § 1915A, the Court concludes that this case must be dismissed for reasons that follow.

When a plaintiff seeks to proceed *in forma pauperis* pursuant to 28 U.S.C. §1915(a), the court may dismiss the pauper's case if satisfied that it is frivolous, malicious, or fails to state a claim for which relief can be granted. 28 U.S.C. §1915A(b)(1). A case may be dismissed for being frivolous if the claim has no realistic chance of ultimate success or has no arguable basis in law and fact. 28 U.S.C. § 1915(e)(2)(B)(1); *Hutchins v. McDaniels*, 512 F.3d 193, 195 (5th Cir. 2007). The determination whether an action is frivolous or malicious may be made prior to service of process; therefore, such claims are dismissible *sua sponte* prior to service under 28 U.S.C. § 1915 (e)(2). *Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990).

To avoid dismissal for failure to state a claim, a plaintiff's complaint must plead enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The factual allegations must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. While *pro se* complaints are held to less stringent standards than those drafted by lawyers, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice." *Taylor v. Books A Million, Inc.,* 296 F.3d 376, 378 (5th Cir. 2002).

A plaintiff proceeding pursuant to § 1983 must show that he has been deprived of a right secured by the Constitution and laws of the United States, and that the deprivation was caused by a person acting under color of state law.  *See e.g., Thorne v. Jones*, 765 F.2d 1270 (5th Cir. 1985), *cert. denied*, 475 U.S. 1016 (1986).   Prior to considering the merits of a legal claim, the court must determine whether the litigant seeking to invoke the court's jurisdiction has standing to prosecute a claim.  *See Comer v. Murphy Oil*, 585 F.3d 855, 861 (5th Cir. 2009).  The jurisdiction of a federal court may only be invoked when a litigant has personally suffered some threatened or actual injury.  *Gale v. Carnrite*, 559 F.3d 359, 363 (5th Cir. 2009).  "Standing defies precise definition, but at the least insists that the complained of injury be real and immediate rather than conjectural, that the injury be traceable to the defendant's allegedly unlawful conduct, and that relief from the injury must be likely to follow from a favorable ruling."  *Society of Separationists, Inc. v. Herman*, 959 F.2d 1283, 1285 (5th Cir. 1992) (en banc), *cert. denied*, 506 U.S. 866 (1992).

In the present case, the plaintiff does not allege any physical injury that resulted from the conditions of confinement at the jail after Hurricane Ike.  Based on his more definite statement of facts, the plaintiff states generally that after the hurricane, prisoners were left in unsanitary and

2

less than adequate conditions for approximately ten (10) days, and that he suffered no harm as a result. He complains that he was forced to eat sack meals, use portable cans for restroom needs and had no access to telephones. The plaintiff's allegations do not meet the constitutional standard for standing as he does not identify an injury in fact that affects him in a personal and individual way or one that is imminent. Accordingly, this case must be dismissed.

Based on the foregoing, the Court **ORDERS** that this case is **DISMISSED** with prejudice for failure to state a claim under 42 U.S.C. § 1983.

All pending motions are **DENIED** as moot.

**The Clerk shall provide a copy of this order by regular mail, facsimile transmission, or e-mail to: (1) the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; (2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, fax: 936-437-4793; and (3) the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Manager of the Three-Strikes List.**

SIGNED at Houston, Texas this 5th day of October, 2011.

Kenneth M. Hoyt
United States District Judge